Nicholas R. Major, WSBA No. 49579
E-mail: nick@nickmajorlaw.com
NICK MAJOR LAW PLLC
450 Alaskan Way S, Suite 200
Seattle, Washington 98104
Telephone: (206) 410-5688

[Additional Counsel Appear on Signature Page]

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CRYSTIAUNA MCLALLEN and MICHAEL WILLIS, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SUPERPLAY LTD.,<br><br>Defendant. | NO. 2:26-cv-00111<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT**<br><br>(DEMAND FOR JURY TRIAL) |

This is a putative class action lawsuit against Defendant for engaging in an illegal gambling scheme. Plaintiffs Crystiauna McLallen and Michael Willis, individually and on behalf of all others similarly situated, make the following allegations pursuant to the investigation of their counsel and based upon information and belief, except as to allegations specifically pertaining to themselves and their counsel, which are based on personal knowledge.[1]

[1] Plaintiff files this First Amended Class Action Complaint with Defendant's "written consent," provided by its counsel to Plaintiff's counsel in an e-mail dated June 20, 2026, pursuant to Fed. R. Civ. P. 15(a)(2).

## INTRODUCTION

1. Defendant Superplay Ltd. owns, operates, and receives significant revenue from its online "social" casino-style games available on various mobile apps, including Dice Dreams and Domino Dreams, where it offers games of chance that operate based on digital currency called "rolls" and "coins" which can be purchased and wagered for extended gameplay along with other upgrades and rewards (the "Superplay Gambling Platform").[2]

2. While Defendant advertises and promotes the Superplay Gambling Platform to persons in Washington as a legitimate online business, giving it an aura of legitimacy and legality to Plaintiffs and Class members, the Superplay Gambling Platform is actually a dangerous and plainly unlawful gambling enterprise.

3. The scheme goes like this: Defendant sells digital rolls and coins to consumers on the Superplay Gambling Platform – including consumers in Washington – and then immediately accepts those rolls and coins back (from the consumers who purchased them) as wagers on the outcomes of the various games of chance offered on the Superplay Gambling Platform. In Dice Dreams, consumers who purchase and then wager virtual rolls do so in the hopes of winning more rolls, coins, and other rewards, which can be used to place more wagers and extend their

[2] The Superplay Gambling Platform is comprised of the following applications: Dice Dreams and Domino Dreams.



NICK MAJOR LAW PLLC
450 Alaskan Way S, Suite 200
Seattle, Washington 98104
TEL. 206.410.5688

gameplay once they have run out of rolls to wager with. In Domino Dreams, consumers who purchase and then wager virtual coins do so in the hopes of completing chance-dependent domino puzzle levels and winning additional coins, free rolls, power-ups, and other rewards through the game's Superwheel, dice-based kingdom board, and other chance-based mechanics. Plaintiffs and numerous other Washington residents have lost significant sums of their hard-earned money buying and placing wagers with rolls and coins on the Superplay Gambling Platform, and Defendant has, in turn, reaped enormous profits from the losses these people have sustained.

4. Washington's gambling law clearly prohibits the type of gambling offered by Defendant. Accordingly, Plaintiffs bring this Class Action Complaint, individually and on behalf of all others similarly situated, to redress Defendant's widespread violations of Washington's gambling laws.

## PARTIES

5. Plaintiff Crystiauna McLallen is a natural person and a citizen and resident of Spokane Valley, Washington.

6. Plaintiff Michael Willis is a natural person and a citizen and resident of Edmonds, Washington.

7. Defendant Superplay Ltd. is a foreign corporation incorporated in Israel on January 13, 2019, with its corporate office at 23 Derech Menachem Begin,



NICK MAJOR LAW PLLC
450 Alaskan Way S, Suite 200
Seattle, Washington 98104
TEL. 206.410.5688

Tel Aviv-Yafo, Israel. Defendant Superplay Ltd. has operated and continues to operate the Superplay Gambling Platform and has received and continues to receive substantial revenue from the losses sustained by players who have purchased and wagered with virtual rolls and coins on the Superplay Gambling Platform, including Washington residents.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction over this civil action pursuant to 28 U.S.C. § 1332(d) because there are more than 100 class members and the aggregate amount in controversy exceeds $5,000,000, exclusive of interest, fees, and costs, and at least one Class member is a citizen of a state different from Defendant.

9. The Court has personal jurisdiction over Defendant and venue is proper in this judicial District because Defendant purposefully directed the Superplay Gambling Platform to residents of Washington (including by advertising and running promotional materials directed to persons in Washington), knowingly accepted registrations, purchases of coins, and wagers placed with purchased coins on the Superplay Gambling Platform from Plaintiffs and numerous other persons in Washington, and collected enormous revenues from the losses suffered by Plaintiffs and numerous other persons in Washington who purchased and placed wagers with such coins on the Superplay Gambling Platform, such that a substantial portion of



NICK MAJOR LAW PLLC
450 Alaskan Way S, Suite 200
Seattle, Washington 98104
TEL. 206.410.5688

the events that gave rise to Plaintiffs' claims occurred in Washington and within this judicial District.

## FACTUAL ALLEGATIONS

10. **Washington's Recovery of Money Lost at Gambling Act**

11. Washington's Recovery of Money Lost at Gambling Act entitles "[a]ll persons losing money or anything of value at or on any illegal gambling games" to "have a cause of action to recover from the dealer or player winning, or from the proprietor for whose benefit such game was played or dealt, or such money or things of value won, the amount of the money or the value of the thing so lost." Wash. Rev. Code § 4.24.070.

12. As defined in Washington's Gambling Act, a "gambling device" means:

> (1) Any device or mechanism the operation of which a right to money, credits, deposits or other things of value may be created, in return for a consideration, as the result of the operation of an element of chance, including, but not limited to slot machines, video pull-tabs, video poker, and other electronic games of chance;
> (2) any device or mechanism which, when operated for a consideration, does not return the same value or thing of value for the same consideration upon each operation thereof;
> (3) any device, mechanism, furniture, fixture, construction or installation designed primarily for use in connection with professional gambling; and
> (4) any subassembly or essential part designed or intended for use in connection with any such device, mechanism, furniture, fixture, construction or installation.



NICK MAJOR LAW PLLC
450 Alaskan Way S, Suite 200
Seattle, Washington 98104
TEL. 206.410.5688

*Id.* § 9.46.0241.

13. "Gambling," as used in the Washington Gambling Act, is defined as "staking or risking something of value[3] upon the outcome of a contest of chance[4] or a future contingent event not under the person's control or influence, upon an agreement or understanding that the person or someone else will receive something of value in the event of a certain outcome." *Id.* § 9.46.0237.

14. As alleged below, Defendant violated Washington's Gambling Act by operating and amassing enormous revenue from the losses sustained from United States residents who "gambled" by wagering "things of value" on the illicit "gambling devices" offered through the Superplay Gambling Platform.

## I. The Evils of Online Gambling

15. Gambling is one of the oldest and heavily regulated human behaviors. Even before the advent of science, religions across the world have recognized the inherent addictive nature of playing games of chance and banned them through

---

[3] The Act defines a "thing of value" to include "any money or property, any token, object or article exchangeable for money or property, or any form of credit or promise, directly or indirectly, contemplating transfer of money or property or of any interest therein, or involving extension of a service, entertainment or a privilege of playing at a game or scheme without charge." *Id.* § 9.46.0285.

[4] "Contest of chance" is defined as "any contest, game, gaming scheme, or gaming device in which the outcome depends in a material degree upon an element of chance, notwithstanding that skill of the contestants may also be a factor therein." *Id.* § 9.46.0225.



NICK MAJOR LAW PLLC
450 Alaskan Way S, Suite 200
Seattle, Washington 98104
TEL. 206.410.5688

biblical injunctions. As religious authority gave way to democratic governments, the vast majority of states in the country enacted legislation prohibiting or strictly regulating gambling activities. Unlike historical relics, these states have recognized that gambling poses a public health risk. Scientific research has confirmed and shed further light on the perils of gambling—ranging from mental health issues to physical, financial, and interpersonal problems.

16. Against this backdrop, many states, including Washington, have been steadfast in maintaining and enforcing their gambling laws, even in the event that federal law takes a more permissive approach. As stated by Washington's legislature in enacting the Act:

> [It's] the policy of the legislature, recognizing the close relationship between professional gambling and organized crime, to restrain all persons from seeking profit from professional gambling activities in this state; to restrain all persons from patronizing such professional gambling activities; to safeguard the public against the evils induced by common gamblers and common gambling houses engaged in professional gambling; and at the same time, both to preserve the freedom of the press and to avoid restricting participation by individuals in activities and social pastimes, which activities and social pastimes are more for amusement rather than for profit, do not maliciously affect the public, and do not breach the peace

Wash. Rev. Code § 9.46.010.

17. With technological advances, however, many casinos and other gambling operators proliferated into people's pockets through online websites and apps, including the Superplay Gambling Platform. These online gambling platforms



NICK MAJOR LAW PLLC
450 Alaskan Way S, Suite 200
Seattle, Washington 98104
TEL. 206.410.5688

have been particularly challenging to regulate because many states' anti-gambling statutes were originally enacted to prohibit in-person gambling activities.

18. Worse still, because these online gambling platforms operate outside of the confines of gambling laws, they knowingly rig the odds against users to further exploit them. For example, while slot machines in a physical casino are required to randomize their results, online gambling platforms tailor "wins" and "losses" to manipulate consumer engagement through powerful algorithms. As Playtika's CEO explained:

> The secret sauce of Playtika is our ability to work with AI. We know exactly when a player is going to stop playing. We know exactly when they're going to pay. We know how many times they come in each day. I can't say we can predict with 100 percent accuracy, but we can predict, for most of our players, their activities in our games. That's the real power behind the operations side. When you can predict this, you can find solutions to problems. If someone wants to move on from your game, to delete your app, you know how to handle that player. We sound the alarm. We know how to operate and make sure a player retains in the game.[5]

19. Defendant has employed these exact tactics to maximize the profits they reap through the Superplay Gambling Platform.

---

[5] Dean Takahashi, *Playtika CEO Robert Antokol interview— Why player retention matters now, VENTUREBEAT* (Jan. 6, 2022), https://venturebeat.com/games/playtika-ceo-robert-antokol-interview-why-player-retention-matters-now/.



NICK MAJOR LAW PLLC
450 Alaskan Way S, Suite 200
Seattle, Washington 98104
TEL. 206.410.5688

## II. The Superplay Gambling Platform

20. Defendant owns and operates the Superplay Gambling Platform, which is available on various mobile apps including Apple iOS devices, Android devices, and Amazon devices. The Superplay Gambling Platform allows consumers, including those in Washington, to spend real money to purchase rolls and coins and to gamble with those rolls and coins on a wide variety of chance-based games.

21. The process of getting set up with an account to play the gambling games offered on the Superplay Gambling Platform simply requires a consumer to input basic personal information. After creating an account, the consumer can begin placing wagers on the gambling games offered on the Superplay Gambling Platform with a small periodic allotment of free rolls or coins provided upon enrollment.

22. After invariably losing the free allotments of rolls and coins, the consumer must purchase more rolls or coins if he or she wishes to continue wagering with them on the particular game of their liking within the Superplay Gambling Platform.

23. Thus, after the consumer loses the free allotments of rolls or coins, Defendant will aggressively attempt, through persistent pop-up screens and pages, to sell the consumer additional rolls and coins – at varying prices depending on the number of rolls or coins the consumer wishes to purchase.



NICK MAJOR LAW PLLC
450 Alaskan Way S, Suite 200
Seattle, Washington 98104
TEL. 206.410.5688

24. Purchases of additional rolls and coins on the Superplay Gambling Platform can be made using a wide variety of payment methods, including credit and debit cards. Regardless of the payment method, the purchased rolls and coins are instantly available for gambling on the Superplay Gambling Platform.

25. The rolls and coins won by consumers playing Defendant's games of chance are identical to the rolls and coins that Defendant sells.

26. Freshly topped off with an additional allotment of purchased rolls or coins, the consumer will wager those rolls or coins in the hopes of winning more rolls or coins that he or she would otherwise have had to purchase.

27. Notably, the outcome of every wager placed on each of the games offered on the Superplay Gambling Platform is based on an element of chance.

28. Defendant maintains win and loss records and account balances for each person who creates an account, purchases rolls or coins, and uses those rolls or coins to place wagers on the Superplay Gambling Platform. Indeed, once Defendant's algorithms determine the outcome of a wager and Defendant displays the outcome, Defendant adjusts the balance of rolls or coins in the person's account. Defendant keeps detailed records of each wager and its outcome for every player of every game offered on the Superplay Gambling Platform.

29. Using the information provided by users at the time they register for accounts and make purchases of rolls and coins, as well as by analyzing users' IP



NICK MAJOR LAW PLLC
450 Alaskan Way S, Suite 200
Seattle, Washington 98104
TEL. 206.410.5688

addresses, Defendant has intimate knowledge of, and maintains records reflecting, the geographic locations (including city and state for U.S.-based players) from which each of its users enrolled in, made purchases of rolls and coins, and lost rolls and coins wagering on the Superplay Gambling Platform.

30. Thus, at the time Plaintiffs and the other members of the Class enrolled in, purchased rolls and coins on, and lost rolls and coins placing wagers on the Superplay Gambling Platform, Defendant had actual knowledge that these persons were located in Washington based on the information they had provided while registering for accounts and making purchases and the IP addresses associated with the devices from which they accessed the Superplay Gambling Platform. Defendant nonetheless happily pocketed the losses they sustained using purchased rolls and coins to place wagers on the Superplay Gambling Platform.

31. During the four-year period preceding the filing of this action, Defendant has received significant revenue from Washington residents through its operation of "fringe gambling devices," "video gaming devices," and "gambling devices or records" on the illicit Superplay Gambling Platform – in direct violation of Washington's Gambling Act.

## III. Plaintiffs' Experience

32. In or around November of 2023, Plaintiff Crystiauna McLallen started playing Domino Dreams on the Superplay Gambling Platform through her Google



NICK MAJOR LAW PLLC
450 Alaskan Way S, Suite 200
Seattle, Washington 98104
TEL. 206.410.5688

Play device in Washington. Plaintiff McLallen downloaded the game from her residence in Washington.

33. After losing her initial allocation of free rolls and/or coins by placing wagers on the Superplay Gambling Platform, she purchased additional rolls and/or coins from Defendant. Thereafter, Plaintiff McLallen continued to play the gambling games offered on the Superplay Gambling Platform by placing wagers with the rolls and/or coins she had purchased for the chance to win additional such rolls and/or coins and to continue playing her games of choice.

34. In or around December of 2021, Plaintiff Michael Willis started playing Dice Dreams on the Superplay Gambling Platform through his Google Play device in Washington. Plaintiff Willis downloaded the game from his residence in Washington.

35. After losing his initial allocation of free rolls and/or coins by placing wagers on the Superplay Gambling Platform, he purchased additional rolls and/or coins from Defendant. Thereafter, Plaintiff Willis continued to play the gambling games offered on the Superplay Gambling Platform by placing wagers with the rolls and/or coins he had purchased for the chance to win additional such rolls and/or coins and to continue playing his games of choice.

36. During the four-year period preceding the filing of this action, Plaintiff Willis spent a significant amount of money purchasing rolls and/or coins from



NICK MAJOR LAW PLLC
450 Alaskan Way S, Suite 200
Seattle, Washington 98104
TEL. 206.410.5688

Defendant and thereafter lost all or substantially all of those purchased rolls and/or coins playing the gambling games offered on the Superplay Gambling Platform. Plaintiff Willis has wagered and lost a significant sum of money at Defendant's games of chance.

37. At all times relevant hereto, Plaintiff Willis resided in, was a citizen of, and was physically present in Washington.

### IV. Plaintiffs' Claims Are Not Subject to Arbitration.

38. Plaintiffs' sole reason for setting up accounts with Defendant was to gain access to the Superplay Gambling Platform in Washington, offered by Defendant, which they now understand violates Washington law. They did not review and were not aware that they were purportedly agreeing to any terms and conditions on Defendant's website at the time of account creation or otherwise.

39. Said differently, to the extent a contract was formed between Plaintiffs and Defendant, the sole purpose of the contract was to facilitate the unlawful gambling activities that are at issue in this Complaint.

40. Accordingly, Plaintiffs' contract with Defendant (to the extent any such contract was otherwise ever formed) is void *ab initio*.

## CLASS ACTION ALLEGATIONS

41. Plaintiffs seek to represent a class defined as all residents of Washington who purchased, wagered, and lost rolls and/or coins on Defendant's



NICK MAJOR LAW PLLC
450 Alaskan Way S, Suite 200
Seattle, Washington 98104
TEL. 206.410.5688

Superplay Gambling Platform at any time during the four-year period preceding the filing of this action (continuing through the date of any order granting class certification).

42. Members of the Class are so numerous that their individual joinder herein is impracticable. The members of the Class number in at least the tens of thousands. The precise number of Class members and their identities are unknown to Plaintiffs at this time but will be determined in discovery. The Class may be notified of the pendency of this action at the addresses found in Defendant's records.

43. Common questions of law and fact exist as to all Class members and predominate over questions affecting only individual Class members. Common legal and factual questions include, but are not limited to: (a) whether the Superplay Gambling Platform was illegal under Washington's state gambling laws; (b) whether Defendant is liable for managing, possessing, controlling, and/or profiting from the Superplay Gambling Platform; (c) whether Defendant's participation in operating the Superplay Gambling Platform constitutes an unfair and/or unlawful business practice under Washington's consumer protection statutes; (d) the amount of monetary relief the Class is entitled to recover from Defendant.

44. The claims of the named Plaintiffs are typical of the claims of the members of the Class in that the named Plaintiffs and all Class members suffered monetary loss as a result of Defendant's Superplay Gambling Platform.



NICK MAJOR LAW PLLC
450 Alaskan Way S, Suite 200
Seattle, Washington 98104
TEL. 206.410.5688

45. Plaintiffs are adequate representatives of the Class because their interests do not conflict with the interests of the Class members they seek to represent, they have retained competent counsel experienced in prosecuting class actions, and they intend to prosecute this action vigorously. The interests of Class members will be fairly and adequately protected by Plaintiffs and their counsel.

46. The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of Class members. Each individual Class member may lack the resources to undergo the burden and expense of individual prosecution of the complex and extensive litigation necessary to establish Defendant's liability. Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case. Individualized litigation also presents a potential for inconsistent or contradictory judgments. In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Defendant's liability. Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication.



NICK MAJOR LAW PLLC
450 Alaskan Way S, Suite 200
Seattle, Washington 98104
TEL. 206.410.5688

## CAUSES OF ACTION

### COUNT I
**Violation of Revised Code of Washington § 4.24.070, *et seq.***
**(On Behalf of Plaintiffs and the Class)**

47. Plaintiffs bring this claim individually and on behalf of the members of the Class against Defendant.

48. Plaintiffs, members of the Class, and Defendant are all "persons" as defined by RCW § 9.46.0289.

49. The state of Washington's "Recovery of money lost at gambling" statute, RCW § 4.24.070, provides that "all persons losing money or anything of value at or on any illegal gambling games shall have a cause of action to recover from the dealer or player winning, or from the proprietor for whose benefit such game was played or dealt, or such money or things of value won, the amount of the money or the value of the thing so lost."

50. Plaintiffs and the Class purchased rolls and/or coins with real money from Defendant and used those rolls and/or coins to place wagers on the games offered on the Superplay Gambling Platform, which led Plaintiffs and the Class to "los[e] money" as defined by the Act.

51. All of the games offered on the Superplay Gambling Platform and played by Plaintiffs and members of the Class required Plaintiffs and Class members to engage in "gambling," because they required them to "stak[e] or risk[] something



NICK MAJOR LAW PLLC
450 Alaskan Way S, Suite 200
Seattle, Washington 98104
TEL. 206.410.5688

of value upon the outcome of a contest of chance or a future contingent event not under the person's control or influence." RCW § 9.46.0237.

52. All of the games offered on the Superplay Gambling Platform and played by Plaintiffs and members of the Class constituted "[c]ontest[s] of chance," because they were "contest[s], game[s], gaming scheme[s], or gaming device[s] in which the outcome[s] depend[] in a material degree upon an element of chance, notwithstanding that skill of the contestants may also be a factor therein." RCW § 9.46.0225.

53. The rolls and coins that Plaintiffs and members of the Class purchased from Defendant, and that Defendant accepted from Plaintiffs and Class members as wagers on the outcomes of the games offered on the Superplay Gambling Platform, were each a "thing of value" within the meaning of RCW § 9.46.0285 because they permitted them to extend their games of choice.

54. All of the games offered on the Superplay Gambling Platform and played by Plaintiffs and members of the Class were not "Amusement game[s]" under RCW § 9.46.0201 because their outcomes were dependent entirely or in material degree upon chance and not upon the skill of the player and because the games were "contest[s] of chance," as defined by RCW § 9.46.0225.

55. Finally, all of the games offered on the Superplay Gambling Platform were not "pinball machine[s] or similar mechanical amusement device[s]" as



NICK MAJOR LAW PLLC
450 Alaskan Way S, Suite 200
Seattle, Washington 98104
TEL. 206.410.5688

contemplated because: (a) the games were electronic rather than mechanical; (b) the games conferred replays, but they were recorded and could be redeemed on separate occasions (*i.e.*, they were not "immediate and unrecorded"); and (c) the games contained electronic mechanisms that vary the chance of winning free games or the number of free games which could be won (*e.g.*, the games allowed for different wager amounts and multiplier levels).

56. By operating and receiving revenue from Washington residents as a result of the illegal gambling games Defendant offered on the Superplay Gambling Platform, Defendant directly violated Washington's gambling laws and is liable for damages to Plaintiffs and the Class members for losing money throughout the Superplay Gambling Platform. RCW § 4.24.070.

## COUNT II

**Violation of Washington Consumer Protection Act**
**RCW § 19.86.010, *et seq***
**(On behalf of Plaintiffs and the Class)**

57. Plaintiffs repeat the allegations contained in the foregoing paragraphs as if fully set forth herein.

58. Plaintiffs bring this claim individually and on behalf of the members of the Class against Defendant.



NICK MAJOR LAW PLLC
450 Alaskan Way S, Suite 200
Seattle, Washington 98104
TEL. 206.410.5688

59. Washington's Consumer Protection Act, RCW § 19.86.010, et seq. ("CPA"), protects both consumers and competitors by promoting fair competition in commercial markets for goods and services.

60. To achieve that goal, the CPA prohibits any person from using "unfair methods of competition or unfair or deceptive acts or practices in the conduct of any trade or commerce…" RCW § 19.86.020.

61. The CPA states that "a claimant may establish that the act or practice is injurious to the public interest because it . . . Violates a statute that contains a specific legislative declaration of public interest impact."

62. Defendant violated RCW § 9.46.010*, et seq.* which declares that:

> "The public policy of the state of Washington on gambling is to keep the criminal element out of gambling and to promote the social welfare of the people by limiting the nature and scope of gambling activities and by strict regulation and control. It is hereby declared to be the policy of the legislature, recognizing the close relationship between professional gambling and organized crime, to restrain all persons from seeking profit from professional gambling activities in this state; to restrain all persons from patronizing such professional gambling activities; to safeguard the public against the evils induced by common gamblers and common gambling houses engaged in professional gambling; and at the same time, both to preserve the freedom of the press and to avoid restricting participation by individuals in activities and social pastimes, which activities and social pastimes are more for amusement rather than for profit, do not maliciously affect the public, and do not breach the peace."

63. Defendant has violated RCW § 9.46.010, et seq., because its Superplay Gambling Platform offered illegal gambling games.



NICK MAJOR LAW PLLC
450 Alaskan Way S, Suite 200
Seattle, Washington 98104
TEL. 206.410.5688

64. Defendant’s wrongful conduct occurred in the conduct of trade or commerce—i.e., while Defendant was engaged in the operation of making computer games available to the public.

65. Defendant’s acts and practices were injurious to the public interest because Defendant, in the course of its business, continuously advertised to and solicited the general public in Washington State and throughout the United States to play its unlawful online games of chance. This was part of a pattern or generalized course of conduct on the part of Defendant, and during that time, many consumers were adversely affected by Defendant’s conduct and put the public at risk.

66. Defendant profited immensely from its operation of the unlawful games of chance offered through the Superplay Gambling Platform, amassing hundreds of millions of dollars from the losers of those gambling games.

67. As a result of Defendant’s conduct, Plaintiffs and the Class members were injured in their business or property—i.e., economic injury—in that they lost money wagering on Defendant’s Superplay Gambling Platform.

68. Defendant’s unfair and deceptive conduct caused Plaintiffs' and the Class members’ injury because, but for the challenged conduct, Plaintiffs and the Class members would not have lost money wagering at or on Defendant’s Superplay Gambling Platform, and they did so as a direct, foreseeable, and planned consequence of that conduct.



NICK MAJOR LAW PLLC
450 Alaskan Way S, Suite 200
Seattle, Washington 98104
TEL. 206.410.5688

69. Plaintiffs, on behalf of themselves and the Class members, seek to recover actual damages, treble damages, as well as attorneys' fees and costs.

**COUNT III**

**Unjust Enrichment**
**(On behalf of Plaintiffs and the Class)**

70. Plaintiffs repeat the allegations contained in the foregoing paragraphs as if fully set forth herein.

71. Plaintiffs brings this claim individually and on behalf of the members of the Class against Defendant under the laws of Washington.

72. Plaintiffs and the Class members have conferred a benefit upon Defendant in the form of the money they paid to purchase tournament wagers on Defendant's illegal Superplay Gambling Platform.

73. Defendant appreciates and has knowledge of the benefits conferred upon it by Plaintiff and the Class.

74. Under principles of equity and good conscience, Defendant should not be permitted to retain the money obtained from Plaintiff and the Class members, which Defendant has unjustly obtained as a result of their unlawful operation of casino games. As it stands, Defendant has retained millions of dollars in profits generated from its unlawful games of chance and should not be permitted to retain those ill-gotten profits.



NICK MAJOR LAW PLLC
450 Alaskan Way S, Suite 200
Seattle, Washington 98104
TEL. 206.410.5688

75. Accordingly, Plaintiffs and the Class members seek full disgorgement of all money Defendant has retained as a result of the wrongful conduct alleged herein.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, individually and on behalf of all others similarly situated, seek judgment against Defendant, as follows:

a. For an order certifying the Class and naming Plaintiffs as representatives of the Class and Plaintiffs' attorneys as Class Counsel to represent the Class;

b. For an order declaring Defendant's conduct violates the statutes referenced herein;

c. For an order finding in favor of Plaintiffs and the Class on all counts asserted herein;

d. For actual, expectation, reliance, compensatory, statutory, and/or punitive damages in amounts to be determined by the Court and/or jury;

e. For prejudgment interest on all amounts awarded;

f. For rescission, restitution and all other forms of equitable relief;

g. For injunctive relief as pleaded or as the Court may deem proper; and



NICK MAJOR LAW PLLC
450 Alaskan Way S, Suite 200
Seattle, Washington 98104
TEL. 206.410.5688

h. For an order awarding Plaintiffs and the Class their reasonable attorneys' fees, expenses, and costs of suit.

**DEMAND FOR TRIAL BY JURY**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs demand a trial by jury of any and all issues in this action so triable as of right.

RESPECTFULLY SUBMITTED AND DATED this 22nd day of June, 2026.


NICK MAJOR LAW PLLC

By: */s/ Nicholas R. Major*
Nicholas R. Major, WSBA No. 49579
E-mail: nick@nickmajorlaw.com
450 Alaskan Way S, Suite 200
Seattle, Washington 98104
Telephone: (206) 410-5688

GUCOVSCHI LAW FIRM, PLLC.

Adrian Gucovschi, *Pro Hac Vice Forthcoming*
E-Mail: adrian@gucovschilaw.com
140 Broadway, Fl. 46
New York, New York 10005
Telephone: (212) 884-4230
Facsimile: (212) 884-4230

HEDIN LLP

Frank S. Hedin, *Pro Hac Vice Forthcoming*
E-Mail: fhedin@hedinllp.com
1395 Brickell Avenue, Suite 610
Miami, Florida 33131-3302

Telephone: (305) 357-2107
Facsimile: (305) 200-8801

*Attorneys for Plaintiffs*



NICK MAJOR LAW PLLC
450 Alaskan Way S, Suite 200
Seattle, Washington 98104
TEL. 206.410.5688